USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, and the NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

Petitioners,

-against-

ARBRIS CORP.,

Respondent.

1:20-cv-2532 (MKV)

**ORDER CONFIRMING ARBITRATION AWARD**

---

MARY KAY VYSKOCIL, United States District Judge:

This case involves an unopposed request to confirm an arbitration award. The Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York, and the New York City District Council of Carpenters ("Petitioners") filed a Petition to Confirm an Arbitration Award against Arbris Corp. ("Arbris" or "Respondent"), [Petition, ECF No. 1], and served Arbris with the Petition. [ECF No. 7]. Arbris has never appeared or otherwise responded to the Petition. Petitioners requested that the petition be deemed an unopposed motion for summary judgment. [ECF No. 8]. Since that time, neither Party has taken any action in this matter. For the reasons discussed herein, the Court treats the Petition as an unopposed motion and grants summary judgment in favor of Petitioners.

## BACKGROUND

Petitioners Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with" the Employee Retirement Income Security Act ("ERISA"). Petition ¶ 4. Petitioners Trustees of the New York City District Council of Carpenters Relief and Charity Fund are trustees of a New York charitable organization. Petition ¶ 5. Petitioner Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation. Petition ¶ 6. Petitioner New York City District Council of Carpenters is a labor organization that is the certified bargaining representative for "certain employees of the Respondent." Petition ¶ 7.

Respondent Arbris Corp is a New York employer and a member of the Building Contractors Association, Inc. (the "BCA"). [ECF No. 1-1]. As a member of the BCA, Respondent agreed to be bound by all agreements between BCA and Petitioner New York City District Council of Carpenters. Petition ¶ 10. In 2013, the BCA entered into an initial agreement with the New York City District Council of Carpenters that covered the years 2011 through 2015 (the "2015 Agreement"). [ECF No. 1-2]. The 2015 Agreement stated that "[t]he duration of this Agreement shall continue until June 30, 2015 and shall be renewed automatically for one year intervals thereafter unless notice to the other [party is given] before the contract expiration that such party seeks to negotiate a new contract or modify or amend this Agreement through negotiations." [ECF No. 1-2, Article XX]. On June 25, 2015, a subsequent memorandum was executed that extended the 2015 Agreement through June 30, 2016 (the "2015 Memorandum"). [ECF No. 1-3]. In 2019, the BCA executed an agreement for the years 2017-2024 (the "2024 Agreement"). [ECF No. 1-4]. Those agreements required Respondent to contribute to the

Petitioner funds.  *See* Petition ¶ 24.  Petitioners bring this action seeking the confirmation of an arbitral award arising out of the failure of Respondent Arbris to contribute to the required funds from April 8, 2019 through October 6, 2019.  *See* Petition ¶ 21.

## **LEGAL STANDARD**

Petitioners request confirmation of the arbitration award pursuant to Section 301 of the Taft-Hartley Labor Management Relations Act (the "LMRA"), 29 U.S.C. § 185.  Petition ¶ 1.  Judicial "review of an arbitration award under the LMRA is . . . very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (internal quotation marks omitted).  Thus, "unless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies."  *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15 Civ. 781 (LGS), 2016 U.S. Dist. LEXIS 73898, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Local 97, Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)).  This Court's role is to ensure "that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'"  *Nat'l Football League,* 820 F.3d at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  At bottom, the "[c]onfirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court."  *Trs. for the Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 U.S. Dist. LEXIS 106451, 2014 WL 3844619, at *1 (S.D.N.Y. Aug. 1, 2014).

When a petition to confirm an arbitration award is unopposed, district courts must generally treat "the petition and accompanying record . . . as akin to a motion for summary

judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). For that reason, the Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *Id.*; *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 136 (2d Cir. 2011). While the court accepts the unopposed facts stated in the record and petition as true, an unopposed confirmation petition "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *D.H. Blair*, 462 F.3d at 110.

## DISCUSSION

All agreements together required Respondent to contribute to the at-issue ERISA funds. [*See* ECF No. 1-2, Article XVI; ECF No. 1-4, Article XVII]. When Respondent did not, Petitioner invoked the agreements' arbitration clauses and initiated an arbitration proceeding. *See* Petition ¶ 22. After a hearing, the arbitrator awarded Petitioners the amount of delinquent contributions, interest, liquidated damages, underlying attorneys' fees and costs, for a total of $90,327.87. [Arbitration Award, ECF No. 1-7].

The arbitrator in the underlying proceeding was "applying the contract and acting within the scope of his authority" when rendering the award. *See Nat'l Football League,* 820 F.3d at 537. The unopposed record does not suggest that the award was procured through means of fraud or dishonesty. Arbris was required to pay funds under the agreements. [*See* ECF No. 1-2, Article XVI; ECF No. 1-4, Article XVII]. When Arbris did not, Petitioners exercised their right to arbitrate the dispute. Petition ¶ 22. An independent arbitrator then determined an appropriate award that took into account the contribution deficiencies and other remedies available under the Parties' agreements. [ECF No. 1-2, Article XVI; ECF No. 1-4, Article XVII; ECF No. 1-5, Article V]. This Court now "makes what is already a final arbitration award a judgment of the Court." *Trs. for the Mason Tenders Dist. Council Welfare Fund*, 2014 U.S. Dist. LEXIS 106451, 2014 WL 3844619, at *1.

The independent arbitrator awarded Petitioners $90,327.87, which consisted of: "(1) the principal deficiency of $71,641.06, (2) interest of $1,568.35; (3) liquidated damages of $14,328.21; (4) promotional fund contributions of $390.25; (5) court costs of $400; (6) attorneys' fees of $1,500; and (7) arbitrator's fees of $500." Petition ¶ 24; Arbitration Award at 3. Finding no material issue of fact that would preclude confirmation of the arbitrator's award, the Court confirms the award in all respects, including the awarded 7.5% annual interest accrued on the award from the date of the award through the date of judgment. Arbitration Award at 3. The 2015 Agreement and 2024 Agreement further provide for an entitlement to reasonable attorneys' fees and costs incurred in this action. [ECF No. 1-2, Article XVI; ECF No. 1-4, Article XVII]. Counsel of record in this matter has provided an hourly accounting of time spent preparing the petition and filings for a total of $1,119 in attorneys' fees and $70 in costs. [ECF No. 1-8]. Finding the fees to be reasonable, the Court additionally awards attorneys' fees and costs in the amount of $1,189. Petition ¶¶ 32-36; *see Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Dejil Sys.*, 2012 U.S. Dist. LEXIS 123143, at *11 (S.D.N.Y. Aug. 29, 2012) ("In confirmation proceedings, the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.") (internal quotation marks omitted). Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.[1]

The Clerk of the Court respectfully is requested to close this case.

**SO ORDERED.**

**Date:   April 4, 2022**
**        New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

---

[1] That statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . "at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . ."